## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS BRITO,

       Plaintiff,

v.

SHOPPING PLAZA CORP. and
MERCEDES BROTHERS, INC. D/B/A
MILLY'S RESTAURANT & CAFETERIA,

       Defendants.

_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues SHOPPING PLAZA CORP. and MERCEDES BROTHERS, INC. D/B/A MILLY'S RESTAURANT & CAFETERIA (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.      This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.      The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.      Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4.      At all times material, Defendant, SHOPPING PLAZA CORP., owned and continue

to own a commercial property at 2742 SW 8th Street, Miami, Florida 33135 (hereinafter the "commercial property" or "commercial plaza property") which conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

5.      At all times material, SHOPPING PLAZA CORP., was and is the owner of real property which is a commercial property and place of public accommodation, with its principal place of business in Miami, Florida

6.      At all times material, Defendant, SHOPPING PLAZA CORP., was and is a Florida corporation, organized under the laws of the State of Florida, with its principal place of business in Miami, Florida.

7.      At all times material, Defendant, MERCEDES BROTHERS, INC. D/B/A MILLY'S RESTAURANT & CAFETERIA, was and is a Florida corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami, Florida.

8.      At all times material, Defendant, MERCEDES BROTHERS, INC. D/B/A MILLY'S RESTAURANT & CAFETERIA, owned and operated a commercial restaurant business located at 2107 SW 27th Avenue, Miami, Florida 33145[1] (hereinafter the "commercial restaurant") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, MERCEDES BROTHERS, INC., holds itself out to the public as both the "MILLY'S RESTAURANT & CAFETERIA."

9.      Venue is properly located in the Southern District of Florida because Defendants' commercial property business, commercial restaurant business, are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and

---

[1] Defendant, Mercedes Brothers, Inc.'s, Restaurant sits within the commercial plaza owned by its Co- Defendant, SHOPPING PLAZA CORP.

because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

FACTUAL ALLEGATIONS

10.     Although well over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

11.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant have continued to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and the businesses therein.

12.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

13.     The Defendants in the instant case are the owner of the commercial real property and the owner of the commercial restaurant business located within the subject commercial property And Plaza at 2742 SW 8th Street, Miami, Florida 33135 which together are a place of public accommodation.

14.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

15.     Defendant, SHOPPING PLAZA CORP., owns, operates, and oversees the commercial plaza property, with all areas open to the public.

3

16.     Defendant, MERCEDES BROTHERS, INC. D/B/A MILLY'S RESTAURANT & CAFETERIA, owns, operates and oversees the commercial restaurant within this commercial property, to include all areas open to the public to its commercial restaurant business therein.

17.     The subject commercial plaza property and commercial restaurant are each open to the public and is located in Miami, Florida. The individual Plaintiff visits the commercial property and commercial restaurant, to include visits to the commercial property and businesses located within the commercial property on December 13, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial property.  He often visits the commercial property and commercial restaurant business in order to avail himself of the goods and services offered there, and because it is approximately sixteen (16) miles from his residence and is near other businesses that he frequents as a patron.  He plans to return to the commercial property within two (2) months from the date of the filing of this Complaint.

18.     The Plaintiff, CARLOS BRITO, found the commercial plaza property and commercial restaurant businesses to be rife with ADA violations, despite having been previously sued by other Plaintiffs for ADA violations.  The Plaintiff encountered architectural barriers at the commercial plaza property and commercial restaurant business within the subject plaza in violation of the ADA and wishes to continue his patronage and use of the premises.

19.     The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject commercial property and commercial restaurant. The barriers to access at Defendants' commercial property and commercial restaurant business have each denied or diminished Plaintiff's ability to visit the commercial property and have endangered his safety in violation of the ADA.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly

situated.

20.     Mr. Brito is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

21.     He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. Brito is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

22.     Defendant, SHOPPING PLAZA CORP., owns and operates the commercial real property and plaza which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant, SHOPPING PLAZA CORP., as the owner of the commercial real property is accordingly responsible for complying with the obligations of the ADA along with its tenant and Co-Defendant, MERCEDES BROTHERS, INC. D/B/A MILLY'S RESTAURANT & CAFETERIA.  The place of public accommodation that Defendant, MERCEDES BROTHERS, INC. D/B/A MILLY'S RESTAURANT & CAFETERIA, owns and operates is the commercial restaurant located within commercial plaza property owned by its Co-Defendant and Landlord located at 2107 SW 27th Avenue, Miami, Florida 33145 and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its Landlord and Co-Defendant, SHOPPING PLAZA CORP.

23.     Defendant/Landlord, SHOPPING PLAZA CORP., as owner of the commercial property, and Co-Defendant/Tenant, MERCEDES BROTHERS, INC. D/B/A MILLY'S

RESTAURANT & CAFETERIA INC., as owner of the commercial restaurant business located at the subject real property are together jointly and severally liable for all ADA violations listed in this Count II of the Complaint, while solely the landlord is responsible for the common area ADA violations listed in Count I of the Complaint.

24.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial property and commercial restaurant businesses, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial property, in violation of the ADA. Plaintiff desires to visit the commercial plaza property and commercial restaurant business located therein, not only to avail himself of the goods and services available at the commercial property and commercial restaurant, but to assure himself that the commercial property and commercial restaurant business are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the commercial property without fear of discrimination.

25.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, SHOPPING PLAZA CORP. FOR COMMON AREAS**

26.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

27.     Defendant, SHOPPING PLAZA CORP. has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible

facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial property, include but are not limited to, the following:

A. Parking

i.      There are accessible parking spaces and access aisles with faded striping that makes it impossible to differentiate the boundaries. The facility fails to maintain the elements that are required to be readily accessible and usable by persons with disabilities, violating 28 CFR 36.211..

ii.     There are accessible parking spaces that have uneven/broken surfaces violating 28 CFR 36.211 and Section 502.1 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) of the ADAAG and Section 208.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff had difficulty exiting the vehicle, as an access aisle of the required width is not provided. Violation: There are accessible parking spaces that do not have compliant access aisles provided, violating Sections 4.1.2(5a) and 4.6.3 of the ADAAG and Section 502.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: There are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space

access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.     The Plaintiff had difficulty accessing the facility, as there are designated accessible parking spaces located too far from an accessible route to the facility. Violation: Some of the accessible parking spaces are not located on the shortest route to an accessible entrance, violating Section 4.6.2 of the ADAAG and Section 208.3.1 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Entrance Access and Path of Travel

i.     The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are vertical changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.      The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not enter each tenant space. Violation: There are tenant spaces that do not have an accessible path of travel with access or egress to people in wheelchairs, violating Sections 4.3.2(2) and 4.14.1 of the ADAAG and Sections 206.2.2 and 207 of the 2010 ADA Standards.

v.      The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.      The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.      The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.     The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

ix.      The Plaintiff had difficulty traversing the path of travel, as there are wide openings on ground surfaces. Violation: There are inaccessible routes with openings more than ½". These are violations of the requirements in Section 4.5.4 of the ADAAG and Section 302.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, SHOPPING PLAZA CORP. AND TENANT/DEFENDANT FOR AREAS WITHIN MERCEDES BROTHERS, INC. D/B/A MILLY'S RESTAURANT & CAFETERIA INC.**

28.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 25 above as though fully set forth herein.

29.     Defendant, SHOPPING PLAZA CORP. and MERCEDES BROTHERS, INC. D/B/A MILLY'S RESTAURANT & CAFETERIA INC. have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial restaurant property, include but are not limited to, the following:

A.  Public Restrooms

i.      The restroom signage is not mounted at the required location, violating Section 4.30.6 of the ADAAG and Section 703.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided due to the location of objects within the space. Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     The Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: There are lavatories in public restrooms without the

10

required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v.      The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.      The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructs the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.      The Plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.      The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.      The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

## <u>RELIEF SOUGHT AND THE BASIS</u>

30.     The discriminatory violations described in this Complaint are not an exclusive list of the Defendants' ADA violations.  Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the commercial property and commercial restaurant.  Plaintiff further requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.  Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

31.     The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial property and commercial restaurant business within the place of public accommodation; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive

relief.

32.     Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial restaurant facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

33.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

34.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate

relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

35.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

36.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located on and/or within the commercial property and commercial restaurant located at 2742 SW 8th Street, Miami, Florida 33135 and 2107 SW 27th Avenue, Miami, Florida 33145 (respectively), to include the interiors, exterior areas, and the common exterior areas of the commercial property and commercial restaurant in order to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cure its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such

steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: February 19, 2025

**ANTHONY J. PEREZ LAW GROUP, PLLC**
*Attorneys for Plaintiff*
7950 W. Flagler Street, Suite 104
Miami, Florida 33144
Telephone: (786) 361-9909
Facsimile: (786) 687-0445
Primary E-Mail: ajp@ajperezlawgroup.com
Secondary E-Mails: jr@ajperezlawgroup.com


By: ___/s/  Anthony J. Perez_____
        ANTHONY J. PEREZ
        Florida Bar No.: 535451